

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# Tahiraj-Datui v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tahiraj-Datui v. Atty Gen USA" (2004). *2004 Decisions.* Paper 832.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/832

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1060
_____

ZAIM TAHIRAJ-DATUI;
MERITA TAHIRAJ-MAMO,

Petitioners

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent
_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board Nos. A76-821-259 and A76-821-263)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed: April 15, 2004)

_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

Zaim Tahiraj-Datui (Datui) and his wife, Merita Tahiraj-Mamo (Mamo) (together Petitioners), natives and citizens of Albania, petition for review of a final order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's (IJ) denial of their applications for asylum and withholding of removal pursuant to the Immigration and Nationality Act (INA) and their petition for relief pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention). For the following reasons, we deny the petition for review.

## I.

Petitioners base their claims for asylum and other relief on allegations that Mamo was raped by armed assailants in her Albanian home on November 2, 1997, on account of her and her family's political opinion and that, consequently, they fear future persecution upon return to Albania. Petitioners entered the United States on January 30, 1998, just over a month after they were married in Albania. Petitioners were neither admitted nor paroled, and the Immigration and Naturalization Service commenced removal proceedings against them. Petitioners conceded their removability but filed applications for asylum, withholding of removal and relief pursuant to the Convention.

The IJ denied Petitioners' applications because he concluded that Petitioners had failed to establish that the alleged past persecution, if it occurred at all,[1] was related to the

_____

[1] The IJ did not believe Mamo's claim that she had been raped.

2

political opinion held by Mamo and her family. Nor, the IJ concluded further, did Petitioners demonstrate a well-founded fear of persecution on the basis of political opinion in the event they returned to Albania. The IJ based his decision primarily on Mamo's lack of credibility, finding numerous inconsistencies among Mamo's testimony, her asylum application and the police and hospital reports concerning the alleged rape submitted by Petitioners. The IJ also expressed doubt concerning the credibility of the alleged rape because while the physicians who examined Mamo immediately following the rape conducted tests to determine whether there were any semen deposits, there was no indication that any such deposits were in fact detected.

Driven by Mamo's lack of credibility, the IJ searched for any corroborating evidence that might independently support Petitioners' claims. However, the few documents submitted by Petitioners did not support Mamo's testimony, but rather diverged from it in many respects. The record contained no statements from other eyewitnesses of the alleged rape – neither Mamo's parents (who were present in the home on the night of the alleged rape) nor Mamo's uncle (who lived next door) supplied an affidavit or testified at the hearing. Petitioners failed to produce documentation evidencing their or Mamo's family's membership in the Albanian Democratic Party (ADP). And neither Datui[2] nor any member of Mamo's family living in Albania at the

---

[2]Datui had ample opportunity to testify at the hearing.

time of the alleged rape testified at the hearing or supplied an affidavit concerning affiliation with the ADP.

II.

We have jurisdiction to review these petitions under 8 U.S.C. § 1252(a). An IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Lukwago v. Ashcroft, 329 F.3d 157, 167 (3d Cir. 2003). Such findings "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Dia v. Ashcroft, 353 F.3d 228, 259 (3d Cir. 2003) (*en banc*) (citation omitted). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998) (citation omitted). The substantial evidence standard applies equally to adverse credibility findings, which should be "based on inconsistent statements, contradictory evidence, and inherently improbable testimony ... in view of the background evidence on country conditions." Dia, 353 F.3d at 259 (citation omitted).

The Attorney General has discretion to grant asylum to a deportable alien who is deemed to be a "refugee" within the meaning of § 1101(a)(42)(A) of the INA. 8 U.S.C. § 1158(b). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and who is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-

4

founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion....

8 U.S.C. § 1101(a)(42)(A).[3]

We affirm the IJ's denial of Petitioners' asylum application[4] because there was substantial evidence to support the IJ's conclusion that Petitioners had not shown that they had been persecuted or had a well-founded fear of being persecuted on account of their political opinion. As noted above, the IJ based his decision primarily on Mamo's lack of credibility. The IJ's adverse credibility determination as to Mamo's testimony concerning the political motives of her alleged assailants and the political persuasion of she and her family was squarely and expressly predicated on the inconsistency between Mamo's testimony and her asylum application. Mamo's testimony concerning comments made by her assailants conflicted with her asylum application. Mamo testified at the IJ hearing that the assailants made comments during their attack about the fact that she and her family were members of the ADP, and that they were being attacked by Socialists, but her asylum application contains no reference to any statements made by the assailants

---

[3]Petitioners bear the burden of supporting their asylum claims with credible evidence. Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2000).

[4]Because the standards for prevailing on a withholding of removal claim and a request for relief under the Convention are more stringent than the standard applicable to an asylum application, denial of Petitioners' asylum applications by definition compels denial of Petitioners' withholding of removal and Convention relief claims. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003).

5

concerning the family's political opinion, and in fact indicates that Mamo was not sure who the assailants were.

The IJ's adverse credibility finding is also supported by the prevailing conditions in Albania at the time of the alleged rape. According to the State Department, while general lawlessness and lax law enforcement characterized Albania in 1997, such conditions rarely included violence targeted at individuals on political grounds. See Profile of Asylum Claims and Country Conditions for Albania, United States Department of State, September 1997.

Finally, the IJ's adverse credibility determination is further supported by the absence of additional evidence supporting Datui's, Mamo's, or Mamo's family's membership in the ADP. Petitioners produced no documentation indicating any such affiliation with the ADP, and neither Datui nor Mamo's family testified or supplied an affidavit concerning their affiliation with the ADP.[5]

---

[5]Petitioners seek to introduce as evidence for the first time an affidavit executed by Datui which purports to demonstrate his close affiliation with the ADP. Of course, we cannot consider evidence not contained in the record. Werner v. Werner, 267 F.3d 288, 294-95 (3d Cir. 2001) (citation omitted).

III.

The IJ's denial of Petitioners' applications for asylum, withholding of removal and Convention relief was supported by substantial record evidence.  Accordingly, the Petition for Review is denied.

_____